# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN THOMAS HALL,<br><br>  Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF LABOR, OFFICE OF LABOR MANAGEMENT STANDARDS,<br><br>  Defendant. | CASE NO. 08-CV-0727-H (CAB)<br><br>ORDER:<br><br>(1) DISMISSING COMPLAINT SUA SPONTE FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND; AND<br><br>(2) DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS |

On April 22, 2008, plaintiff Dean Thomas Hall ("Plaintiff") filed a complaint against the United States Department of Labor, Office of Labor Management Standards. (Doc. No. 1.) Plaintiff also filed a motion to proceed in forma pauperis ("IFP"). (Doc. No. 2.) For the reasons set forth below, the Court dismisses the complaint, with leave to amend, and denies without prejudice the motion to proceed in forma pauperis.

/ / /

/ / /

/ / /

**Sua Sponte Screening of Complaint**

Under 28 U.S.C. § 1915(e)(2), where a party seeks to proceed in forma pauperis, the court "shall dismiss the case at any time if the court determines" that the action "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."

The Court concludes that the complaint fails to state a claim, thus requiring dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To survive a Rule 12(b)(6) motion a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007). Plaintiff's one-sentence complaint merely sets forth a legal conclusion with no supporting facts.

The Court also notes that the complaint is unclear as to nature of relief sought. See Fed. R. Civ. P. 8(a)(3) (requiring "a demand for the relief sought, which may include relief in the alternative or different types of relief"). Certain government defendants may be immune from actions for monetary damages, thus requiring the Court to dismiss an action in forma pauperis under 28 U.S.C. § 1915(e)(2)(B)(iii). Since the complaint is unclear on this issue, however, the Court declines to analyze any possible immunity to suit at this time.

**Motion to Proceed IFP**

Having dismissed the complaint, the Court concludes that the motion to proceed in forma pauperis is moot. The Court denies the motion without prejudice. Plaintiff may submit a new motion to proceed IFP along with any amended complaint.

/ / /

/ / /

/ / /

**Conclusion**

For the reasons set forth above, the Court DISMISSES the complaint. The Court DENIES WITHOUT PREJUDICE the motion to proceed IFP. Plaintiff may submit an amended complaint consistent with this order on or before **June 16, 2008**. Plaintiff may submit a new request to proceed IFP with any amended complaint.

IT IS SO ORDERED.

DATED: May 8, 2008

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.